SUMMONS ISSUED

FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK 2: 20
2012 MAR 22 PM 2: 20
- - - - - - - - - - - - - - - - - - - - - - - - - -X

THOMAS RAVENELL,      U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

CV 12 - 1416

Plaintiff,

-against-

**COMPLAINT**

THE CITY OF NEW YORK,
SEAN CARROLL, and JOHN DOES 1-5,

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

KUNTZ, J.

Plaintiff Thomas Ravenell, by his attorneys, Reibman & Weiner, as and for his

Complaint, hereby alleges as follows, upon information and belief:

POHORELSKY, M.J.

### PARTIES, VENUE and JURISDICTION

1.      At all times hereinafter mentioned plaintiff Thomas Ravenell was an

adult male resident of Kings County, in the State of New York.

2.      At all relevant times hereinafter mentioned, defendant City of New

York ("New York City"), was and is a municipal corporation duly organized and existing

under and by virtue of the laws of the State of New York and acts by and through its

agencies, employees, and agents, including, but not limited to, the New York City Police

Department ("NYPD"), and their employees.

3.      At all relevant times hereinafter mentioned, defendant Sean Carroll

(Tax: 946831) was an adult male employed by the City of New York as a member of the

NYPD. Carroll is sued herein in his official and individual capacities.

4.      At all relevant times hereinafter mentioned, defendants John Does 1-5,

were individuals employed by the City of New York as members of the NYPD whose

identities are unknown to plaintiff. The Doe defendants are sued herein in their official and
individual capacities.

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331,
1343 and 1367, and 42 U.S.C. § 1983.

6.      Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in
the Eastern District of New York, where the plaintiff and defendant City of New York
reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

7.      On July 16, 2010, at about 12:00 a.m., plaintiff Thomas Ravenell was
lawfully present on Livonia Avenue between Rockaway Avenue and Watkins Street in
Brooklyn, New York.

8.      At no time that night had Mr. Ravenell engaged in any unlawful or
suspicious conduct.

9.      At this time, the defendant officers arrived in several NYPD vehicles.

10.     Although there was no legal basis to detain or seize the plaintiff, the
defendants seized Mr. Ravenell at gunpoint and handcuffed him before pushing him to the
ground.

11.     While handcuffed, the defendants forcibly and repeatedly struck
plaintiff on the face, head and torso, pushed him to the ground, and slammed him into the
concrete.

12.     As a result, defendants caused plaintiff to suffer extensive bruising,

abrasions, lacerations, and swelling to his face, eye, and body.

13.     Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants formally arrested plaintiff.

14.     At no time did there exist any basis to utilize any level of force against Mr. Ravenell, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

15.     At no time prior to or during the encounter was there sufficient cause to believe that Mr. Ravenell was engaged in any suspicious or unlawful activity.

16.     At no time did any of the defendants take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against Mr. Ravenell.

17.     Plaintiff was taken to PSA2 where he began to suffer an asthma attack as a result of the physical force inflicted on him by defendants.  In response, the defendants deliberately broke Mr. Ravenell's inhaler.

18.     As a result of his asthma attack, Mr. Ravenell lost consciousness.  He was then taken by ambulance to Brookdale Hospital Emergency Room for treatment for the injuries he sustained as a result of the force inflicted on him by the defendants.

19.     Mr. Ravenell was then returned to PSA2 where he was held for several hours before he was transferred to Kings County Central Booking where he was held for several more hours.

20.     Approximately forty-eight hours after his arrest, plaintiff was arraigned

3

on charges of resisting arrest and consumption of alcohol in public pursuant to a criminal complaint containing false allegations sworn to by defendant Carroll.

21.     At that time plaintiff acceded to an adjournment in contemplation of dismissal, and was released from custody.

22.     The criminal complaint sworn to by defendant Carroll contained various false claims and charges, including resisting arrest and consumption of alcohol in public.

23.     In this complaint, defendant Carroll alleges that plaintiff did "drink or consume an alcoholic beverage, or possess, with intent to drink or consume, an open container containing an alcoholic beverage in any public place," and that plaintiff did "intentionally prevent or attempt to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person." Defendant Carroll further stated that plaintiff was "in possession of an open container of alcohol," and that, when defendant Carroll attempted to place plaintiff under arrest, plaintiff "became irate and was flailing and stiffening arms in an attempt to avoid being handcuffed."

24.     The allegations sworn to by Carroll were materially false and Carroll knew them to be false at the time they were made.

25.     These charges and accusations were fabricated by the defendants and sworn to by defendant Carroll, in order to cause plaintiff to be arraigned and prosecuted on such charges, and to cover up the defendants' unlawful conduct, excessive force, and false arrest of plaintiff.

4

26.     The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

27.     That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

28.     Plaintiff repeats the allegations contained in paragraphs "1" through "27" above as though stated fully herein.

29.     Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

30.     At no time did defendants have any legal basis for arresting or imprisoning plaintiff, commencing criminal process, or using physical force against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

31.     Defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

5

32.    Defendants deliberately deprived plaintiff of access to his medication and reasonable medical care, causing him to suffer needless physical injury.

33.    Defendants knowingly and deliberately searched plaintiff without any lawful authority and without a reasonable basis to believe such authority existed.

34.    By so doing, the individual defendants, individually and collectively, subjected plaintiff to false arrest and imprisonment, excessive force, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

35.    The defendants further failed to intervene in the aforementioned misconduct in which their fellow defendants engaged by remaining silent, and failing to take any meaningful steps to correct the defendants' actions, or otherwise protect the plaintiff from the defendants' actions

36.    By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer physical injury, incarceration, and the deprivation of liberty, and to suffer emotional injuries, mental anguish, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

37.    Plaintiff repeats the allegations contained in paragraphs "1" through "36" above as though stated fully herein.

38.    The municipal defendant has a policy, either written or unwritten,

pursuant to which the NYPD denies individuals in their custody access to their medicine. This is done by seizing the individuals' medicine or otherwise preventing them from gaining access to medicine.

39.    The individual defendants' actions with respect to denying plaintiff access to his asthma inhaler, and further preventing him from obtaining medical treatment as soon as it became necessary and requiring a hospital visit, was carried out pursuant to this policy.

40.    This policy is either promoted, promulgated, or otherwise tacitly condoned by the NYPD though its failure to take reasonable steps to correct such actions and/or misconduct.

41.    By reason thereof, the municipal defendant has violated  42 U.S.C. §1983 and caused plaintiff emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

42.    Plaintiff repeats the allegations contained in paragraphs "1" through "41" above as though stated fully herein.

43.    Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

44.    Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of

their authority, use of excessive force, abuse of arrest powers, and other blatant violations of

the United States Constitution and the rules and regulations of the NYPD. Despite ample

notice of inadequate supervision, defendants took no steps to ensure that reasonable and

appropriate levels of supervision were put in place to reasonably ensure that NYPD

members engaged in police conduct in a lawful and proper manner, including their use of

their authority as law enforcement officers with respect to the general public, including, and

specifically, the plaintiff herein.

45.     The defendant City of New York deliberately and intentionally chose

not to take action to correct the chronic, systemic, and institutional misuse and abuse of

police authority by its NYPD employees, and thereby deliberately and intentionally adopted,

condoned, and otherwise created through deliberate inaction and negligent supervision, an

NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests,

and detentions, and the manufacturing of evidence, in the ordinary course of NYPD

business in flagrant disregard of the state and federal constitutions, as well as the Patrol

Guide, up to and beyond the plaintiff's arrest.

46.     All of the acts and omissions by the individual defendants described

above were carried out pursuant to overlapping policies and practices of the municipal

defendant in their capacities as police officers and officials pursuant to customs, policies,

usages, practices, procedures, and rules of the City and the NYPD, all under the supervision

of ranking officers of the NYPD.

47.     The aforementioned customs, practices, procedures, and rules of the

8

City and the NYPD include, but are not limited to, the following unconstitutional practices:

a.  Using excessive force on individuals, including but not limited to those who have already been handcuffed;

b.  Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

c.  Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

d.  Retaliating against officers who report police misconduct; and

e.  Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

48.  The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

a.  *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

b.  *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

c.  *Zabala v. City of New York,* 37711/2010 (Sup. Ct., Kings Co.);

d.  *Ashe v. City of New York,* 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

e.  *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

f.  *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

g.  *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (SD.N.Y.);

h.  *Carmody* v. *City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

i.  *McMillan* v. *City of New York,* 04-CV-3990 (FB) (RML)

9

(E.D.N.Y.);

    j.    *Avent* v. *City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

    k.    *Smith* v. *City of New York,* 04-CV-1045 (RRM) (JMA)

           (E.D.N.Y.);

    l.    *Powers* v. *City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

    m.    *Dotson* v. *City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

    n.    *Nonnemann* v. *City of New York,* 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

    o.    *Richardson* v. *City of New York,* 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

    p.    *Barry* v. *New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

    q.    *Walton v. Safir,* 99-CV-4430 (AKH) (S.D.N.Y.);

    r.    *White-Ruiz v. The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

    s.    *Ariza* v. *City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.);

49.    In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now

10

charged.

50.     Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

51.     It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

52.     By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

### DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the causes of action one through three, actual and punitive damages in an amount to be determined at trial;

    ii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    iii.    such other relief as the Court deems just and proper.

Dated:     Brooklyn, New York
          March 21, 2012

                                 By:    Reibman & Weiner
                                       Attorneys for Plaintiff
                                       26 Court Street, Suite 1808
                                       Brooklyn, New York 11242
                                       718-522-1743

                                     Michael Lumer, Esq. (ML-1947)